STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. THOMAS FLEMMING, PLAINTIFF IN ERROR.

Submitted October 17, 1930—Decided May 7, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the plaintiff in error, *Michael Breitkopf* and *Joseph Kraemer*.

For the state, *Joseph L. Smith*, prosecutor of the pleas, and *Felix Forlenza*, assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. Thomas Flemming, the plaintiff in error, and one Charles Connor were convicted upon an indictment charging them with the commission of an assault and battery upon one Harry Peck. Flemming alone has sued out the present writ of error.

The defendants and Peck, upon whom the assault was committed, were each of them members of a labor union, of which Flemming was the business agent. Peck and Connor had been employed at the Fairfield Airport, in Caldwell, working on different shifts. The managers of the airport, concluding that only one man was needed for this work, discharged Connor and retained Peck. Subsequently the union held a meeting, apparently for the purpose of determining whether Peck should not be required to abandon the work also. He was notified of this meeting and attended it. According to the proofs submitted on the part of the state, when the meeting ended and he was leaving, he was assaulted by Flemming, Connor and several others, and was severely beaten. Flemming's defense was that he was not present at the time of the assault.

The first ground upon which we are asked to reverse the conviction against Flemming is that the court improperly permitted testimony to be given relating to conversations between various members of the union and Peck, at which Flemming was not present. Assuming that the conversations testified to were not had in the presence of the plaintiff in error, and, therefore, were improperly admitted, we are satisfied from a reading thereof that the admission of these conversations did not work manifest wrong and injury to the plaintiff in error, and that, consequently, as the case comes before us under the one hundred and thirty-sixth section of the Criminal Procedure act, their admission does not justify a reversal. *State* v. *Matarazza*, 93 *N. J. L.* 47; *S. C. on error*, 94 *Id.* 263.

The next contention is that the court in its charge to the jury erroneously instructed them as follows: "The state

contends that this assault grew out of a difficulty in connection with the employment of Peck and Connor on a job in Caldwell. \* \* \* The state produced evidence to the effect that there was a controversy with regard to these men working. The state further contends that there was a motive on the part of this union to beat up this complainant, and that no other motive is indicated in the case." This instruction lays down no legal principle, but is merely a statement of the contention on the part of the state, and is an accurate statement of that contention. There was no error of law, therefore, in this portion of the charge.

It is next argued that the court erred in refusing to charge the following request: "To prove motive, it is not sufficient for the state to show that these defendants were members of the union, but they must go further, and prove there was such a relationship between the union and these defendants that they became the agents of the union, and if the state is unable to prove this, then the proof of motive fails." This request is apparently based upon the claim of the state recited in that portion of the charge just quoted; namely, that the defendants were acting as the agents of the union in committing an assault upon Peck, the theory of the request being that, unless this was shown to be the fact, the state had failed to prove the existence of any motive which induced the defendants to commit the assault. Whether the theory of the state was sound or not is, in our opinion, quite immaterial, and for this reason: No obligation rested upon the state to prove the existence of the particular motive (if any existed) which led to the commission of the crime charged in the indictment. As is declared by the Court of Errors and Appeals in the case of *State* v. *Ehlers,* 98 *N. J. L.* 236, 240, proof of motive is not an essential element in determining whether or not a defendant is guilty of a crime such as that now under consideration. If the proved facts establish beyond a reasonable doubt that the crime was committed by him, the defendant is guilty, no matter what his motive may have been. This being so, we conclude that the refusal to charge the request submitted was not harmful error.

The only other contention on the part of the plaintiff in error is that the finding of the jury that the plaintiff in error had failed to sustain by a preponderance of proof his defense of an alibi was in disregard of the testimony in the case, and that, for this reason, the conviction under review should be reversed. Our examination of all the testimony bearing upon this point satisfies us that the finding of the jury upon the question of the defendant's alibi is not against the weight of the evidence.

For the reasons indicated, we conclude that the conviction under review should be affirmed.